UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORNA RENAY CEASAR,  :
: NO. 1:12-CV-00548
    Plaintiff, :
:
:
v. : **ORDER**
:
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant.

    This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 17), Plaintiff's objections thereto (doc. 20) and Defendant's response (doc. 21). In her Report and Recommendation, Magistrate Judge Bowman recommends that the decision of the Administrative Law Judge denying Plaintiff's application for benefits be affirmed and this case be closed.

    In brief, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging a disability onset of October 23, 2007 because of a combination of mental and physical impairments. The Administrative Law Judge ("ALJ") determined that Plaintiff had severe impairments of diabetes with neuropathy, hypertension, non-obstructive coronary artery disease, osteoarthritis, mood disorder, not otherwise specified and panic disorder. However,

1

the ALJ also determined that none of these impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain additional limitations. Based in part on the testimony of a vocational expert, the ALJ concluded that Plaintiff remained capable of performing her past relevant work as a housekeeper. Therefore, the ALJ determined that Plaintiff was not disabled and thus not entitled to DIB or SSI.

Plaintiff argued that the ALJ erred when: (1) he failed to include any handling, fingering and feeling limitations assigned by Dr. Michael Burris, a non-examining consultant, and by Dr. C.F. Ezike, a testifying medical expert, and to adequately consider Plaintiff's carpal tunnel syndrome ("CTS"); (2) he improperly weighed the medical opinion evidence of Drs. Burris and Ezike as non-examining consultants and Dr. David Suetholz as treating physician; and (3) he improperly assessed Plaintiff's credibility.[1]

The Magistrate Judge found that substantial evidence supported the ALJ's rejection of any CTS-related limitation. Defendant conceded that the ALJ erred by stating that he was

---

[1] Because these errors pertained only to Plaintiff's alleged physical impairments, the Magistrate Judge noted that Plaintiff had waived any arguments with regard to her alleged mental impairments.

2

giving the 2006 opinion of Dr. Burris "significant weight" and then failing to adopt the limitation that Plaintiff could only occasionally use her hands for fine manipulation (fingering) because of CTS.  But the Magistrate Judge agreed with Defendant that this error was harmless inasmuch as Dr. Burris also opined that Plaintiff could perform medium (as opposed to light) work, and, post-2006, Plaintiff received the standard treatment for CTS, typically successful, and later testified in 2010 that she "never really had any problem [with her hands]" (doc. 17 at 7 (citing Tr. 49)).  The choice to give Dr. Ezike's opinion only "some weight," and to specifically reject that portion of his opinion that concluded that Plaintiff should be required to use her upper extremities to feel only occasionally, and to handle and finger not more than frequently, was amply supported.  The Magistrate Judge first took judicial notice of the high success rate of CTS treatment. She then noted the absence within the record of more recently reported symptoms or nerve conduction studies suggesting continuing symptoms.  Additionally, she referenced consulting examiner Dr. Tyler Staley's finding that Plaintiff's fine motor skills were normal and thus no manipulative limitations were indicated, an example of clinical evidence at odds with any claim of recurring symptoms, as well as Plaintiff's own testimony, as excerpted above.  And, although said testimony, in and of itself, arguably suffices as the

3

substantial evidence necessary to affirm the ALJ's finding, the Magistrate Judge identified additional medical evidence, specifically Dr. Stephen Burge's statement that Plaintiff did not complain of hand pain to Dr. Staley and his opinion, joined by Drs. Timothy Gregg and David Suetholz, that Plaintiff did not require manipulative limitations or restrictions on the use of her hands.

The Magistrate Judge turned next to Plaintiff's contention that the ALJ improperly weighed the opinions of Drs. Burris, Ezike and Suetholz. She again acknowledged that there was "no question" (see doc. 17 at 11) that the ALJ erred in assigning "significant weight" to the opinion of Dr. Burris without explaining why he failed to adopt the CTS-related limitations that Dr. Burris articulated. But, again, because substantial evidence supported the ALJ's rejection of any CTS-related limitation, this error was harmless. The ALJ assigned only "some weight" to the opinion of Dr. Ezike, and in particular rejected his judgment that Plaintiff would be limited to four-to-six hours of standing or walking in an eight-hour workday. Had that limitation been accepted by the ALJ, according to the testimony of the vocational expert Janet Rogers, Plaintiff would have been limited to sedentary work, rendered unable to perform her past relevant work and, given her age, entitled to a presumption of disability under the Medical-Vocational

4

Guidelines. The ALJ instead determined that Plaintiff could sit, stand or walk for six hours in an eight-hour workday and ultimately opined that Plaintiff retained the RFC to perform light work. The Magistrate Judge found no reversible error in this regard, though. The ALJ was not under the same obligation to detail why he was rejecting the opinion of a non-examining consultant such as Dr. Ezike as opposed to that of a treating physician. See 20 C.F.R. § 404.1527(c)(2). Moreover, substantial evidence supported the ALJ's conclusion that Plaintiff was not as limited as Dr. Ezike believed, with the Magistrate Judge referencing: Exhibit 30F; Dr. Staley's findings of normal strength, normal range of motion, normal extremity reflexes and a normal gait on clinical examination; similar findings on four different dates (September 22 and October 19, 2009 and March 15 and April 18, 2010), all emergency room visits; and the lack of evidence that a cane ever had been prescribed for use by Plaintiff (as opposed to a nurse's notation at one emergency room visit that Plaintiff walked with a limp and used a cane (doc. 17 at 13 (citing Tr. 629))). The ALJ declined to give "controlling weight" to the opinion of Dr. Suetholz, Plaintiff's treating physician, who, in the course of completing an RFC form, opined that Plaintiff could sit, stand or walk no more than two hours in an eight-hour workday, lift no more than ten pounds occasionally, and only rarely stoop, bend,

5

crouch or squat. If accepted, these limitations would restrict Plaintiff to part-time sedentary work and render her disabled. Again, the Magistrate Judge found no reversible error. She agreed that Dr. Suetholz's progress notes (the notorious Exhibit 30F), submitted post-hearing, simply were too cursory to support such extreme RFC limitations. And his determination that Plaintiff could lift only ten pounds was directly contradicted by Plaintiff's statement on her disability application that she could lift approximately twenty pounds, twice the limitation he indicated (see Exhibit 6E, Function Report—Adult, Tr. 212). "Controlling weight" deference is only required, of course, when the opinion of the treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" (20 C.F.R. § 404.1527(c)(2)) and not "inconsistent with the other substantial evidence in [the] case record." (20 C.F.R. § 416.927(c)(2)). Notably, Plaintiff's three visits to Dr. Suetholz fell within the same general time band as the four emergency room visits referenced above, visits that chronicled "normal" findings. She sought to downplay their accuracy, but the Magistrate Judge observed, upon review of the records of these visits, that Plaintiff offered no support for her contention that the emergency room physicians did not perform thorough examinations or that they made imprecise observations when they evaluated Plaintiff's body systems. That Plaintiff

6

was seen just twice by Dr. Suetholz before he made his functional assessment did not prompt the ALJ to call into question his status as treating physician, but was a permissible factor to indirectly consider, as was his lack of familiarity with agency regulations or the specialty of occupational medicine (see 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5)). Reference again was made to the reports of Drs. Staley, Burge and Gregg as examples of the "ample" body of evidence upon which the ALJ relied. The Magistrate Judge correctly noted that the existence of some corroborative records as identified by Plaintiff is not odds with a finding that substantial evidence supported the ALJ's RFC assessment.

Finally, the Magistrate Judge found that substantial evidence also supported the ALJ's overall credibility analysis, particularly concerning the level of Plaintiff's pain and whether she can perform work at a "light" as opposed to a "sedentary" level, thus declining to recommend remand. She was quick to reject Plaintiff's supposition that remand is required when an ALJ's opinion includes boilerplate language, especially when, as in the case at bar, it is replete with detail of instances in which the record contradicts Plaintiff's testimony. The Magistrate Judge did not think it error for the ALJ to focus on the inconsistencies between Plaintiff's hearing testimony regarding her daily activities and her statements made as part

7

of the initial application process, including statements to consulting physicians, on the same topic.  Moreover, the ALJ was not obliged to accept her explanation that any inconsistencies were owing to the fact that she meant activity on a "good" day or the presumption that the tasks at issue were performed "well" or with the help of her family.  Nor was the ALJ compelled to presume that Plaintiff's ability to engage in daily activities had necessarily diminished over time.  Finally, the Magistrate Judge found it reasonable for the ALJ to question Plaintiff's truthfulness when she claimed she could not afford her prescribed diabetic medication, yet continued to purchase daily a pack or more of cigarettes, citing Sias v. Sec'y of HHS, 861 F.2d 475, 480 (6th Cir. 1988).  While continuing to smoke, in and of itself, does not serve to disqualify an applicant for benefits, it is a practice appropriately considered if it interferes with or is at odds with the course of medical treatment prescribed.  See 20 C.F.R. § 404.1530(a).

　　Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, believing she erred in not reversing the ALJ for giving insufficient weight to the opinions of Dr. Ezike, the non-examining consultant who testified at the July 2010 hearing.  As earlier recited, had Dr. Ezike's opinion that Plaintiff was limited to standing or walking no more than four-to-six hours per eight-hour workday, she would have been limited to sedentary

work, rendered unable to perform her past relevant work and, given her age, entitled to a presumption of disability under the Medical-Vocational Guidelines.

As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo the filings in this matter. Upon careful consideration of the foregoing, the Court finds Plaintiff's objections unpersuasive and determines that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. Consequently, the Court ADOPTS and AFFIRMS it in its entirety. Accordingly, the decision of the Commissioner to deny Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), which we find to be supported by substantial evidence, is AFFIRMED and the Court ORDERS that this case be closed.

 SO ORDERED.

Dated: September 12, 2013 s/S. Arthur Spiegel_____
             S. Arthur Spiegel
             United States Senior District Judge